**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KERRY LYNN LEWIS, JR.,** | ) | |
| **ID # 48739-177,** | ) | |
| Movant, | ) | No. 3:16-CV-1853-G (BH) |
| vs. | ) | No. 3:14-CR-0372-P |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the motion to vacate, filed Jun 28, 2016 (doc. 2), should be **dismissed without prejudice**.

**I. BACKGROUND**

Kerry Lynn Lewis, Jr. ("Movant"), an inmate currently incarcerated in the federal prison system, filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Mot.") under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:14-CR-0372-P. The respondent is the United States of America ("Government").

On September 24, 2014, Movant was charged by indictment with being a felon in possession of a firearm. (*See* 3:14-CR-372-P, doc. 1.) On September 9, 2015, Movant pled guilty to that charge, as well as to additional charges in a superseding indictment for possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime, pursuant to a plea agreement. (*See id.*, docs. 34, 35, 39.) He was sentenced to a total aggregate sentence of 216 months of imprisonment on January 27, 2016. (*See id.*, docs. 51, 52.) Movant filed a notice of appeal on January 31, 2016. (*See id.,* doc. 54.) He concedes that his direct

appeal is currently still pending in the Fifth Circuit. (*See id.,* doc. 68 at 4); *see also United States v. Lewis*, No. 16-10115 (5th Cir.).

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

The Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). This is because "'the disposition of the appeal may render the motion moot.'" *United States v. Fantozzi*, 90 F. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F.2d 327 (5th Cir.1988)). Because Movant's appeal remains pending before the Fifth Circuit, this Court should not entertain his § 2255 motion and should summarily dismiss it as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts without prejudice to re-filing once his conviction becomes final. *See Clay v. United States*, 537 U.S. 522, 525, 527 (2003) (a federal prisoner's conviction is final for purposes of limitations either when the Supreme Court denies a petition for certiorari or, if a petition for certiorari is not filed, when the time for filing a petition expires).

### III. RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DISMISSED WITHOUT PREJUDICE** to re-filing once Movant's conviction becomes final.

**SIGNED this 29th day of June, 2016.**

```
                    _____
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
                    _____
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE
```